UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VINCENT MENSAH,**

       **Plaintiff,**                    **CIVIL ACTION NO. 10-CV-13233**

   **vs.**

                                         **DISTRICT JUDGE VICTORIA A. ROBERTS**

**MICHIGAN DEPARTMENT OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS, PATRICIA**
**CARUSO, RANDALL HAAS,**
**and HUGH WOLFENBARGER,**

       **Defendants.**
_____/

**I.**     **RECOMMENDATION:** This Court recommends that the Motion to Dismiss or for Summary Judgment filed by Defendants Caruso, Wolfenbarger, Haas, and Michigan Department of Corrections (docket no. 13) be **GRANTED IN PART**.

**II.**    **REPORT:**

This matter comes before the Court on the Motion to Dismiss or for Summary Judgment filed by Defendants Caruso, Wolfenbarger, Haas, and Michigan Department of Corrections. (Docket no. 13). Plaintiff filed a response. (Docket no. 15). Defendants filed a reply. (Docket no. 17). The motion has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 18). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

**A.**    **Facts and Procedural History**

Plaintiff, a Group IV Executive Business Manager employed with the Michigan Department

1

of Corrections ("MDOC") at the Macomb Correctional Facility, filed this employment discrimination lawsuit against MDOC Director Patricia Caruso, Macomb Correctional Facility Warden Hugh Wolfenbarger, Deputy Warden Randall Haas, and the MDOC on August 13, 2010. (Docket no. 1). Plaintiff's amended complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1983; 42 U.S.C.§ 1981; the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 *et seq.*; Article 1, § 17 of the Michigan Constitution; and intentional infliction of emotional distress. (Docket no. 14).

The amended complaint alleges that Plaintiff, an African-American of Ghanaian descent, began working for the MDOC as a Group IV Business Executive in 1989. (Docket no. 14, ¶¶ 6, 7). Plaintiff claims that upon completion of his probationary period twenty years ago he acquired a property interest in a contract of employment or an expectation of continued employment that could only be divested with due process. (Docket no. 14, ¶¶ 20-21, 23). The amended complaint alleges that Defendant MDOC officials discriminated against Plaintiff by engaging in a campaign of psychological brutality, the purpose of which was to harass, demean, embarrass, or intimidate him on the basis of race, national origin, and retaliation until Plaintiff was forced to resign on February 28, 2010, effectively being constructively discharged from employment with the MDOC. (Docket no. 14, ¶¶ 7, 11, 18, 22, 24, 28, 30, 31, 36, 37). Plaintiff alternatively claims to have been forced to resign as a result of the discrimination and hostile work environment in February 2009. (Docket no. 14, ¶¶ 25, 48).

**B.    Standard**

Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), or (6), or alternatively for summary judgment under Federal Rule of Civil

Procedure 56(c).  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists.  *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n Inc.,* 287 F.3d 568, 573 (6th Cir.2002).  In deciding a Rule 12(b)(1) motion, the court is empowered to resolve issues of fact.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) asserts a lack of personal jurisdiction over the person.  The burden of establishing jurisdiction rests with the plaintiff.  *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir.1997) (citations omitted).  In the absence of an evidentiary hearing to resolve factual disputes, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Id*.

When determining a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).  To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."  *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (citation and internal quotation marks omitted).

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty.*

3

*Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

**C.     Analysis**

**1.     Counts I, IV, and VI - Title VII**

Plaintiff contends that Defendants Caruso, Wolfenbarger, and Haas deprived him of his rights under Title VII of the Civil Rights Act of 1964 by subjecting him to a malicious campaign of harassment and intimidation on the basis of race, national origin, and in retaliation for having protested a pattern of discriminatory treatment. (Docket no. 14, ¶ 29). Plaintiff further alleges that Defendant MDOC was an employer within the meaning of Title VII and that he was subjected to race and national origin discrimination, retaliation, and adverse employment actions through Defendant MDOC. (Docket no. 14, ¶¶ 50, 52). Finally, Plaintiff alleges that Defendants maintained a working environment so hostile that Plaintiff was forced to resign. (Docket no. 14, ¶ 104).

It is a well-settled rule in the Sixth Circuit that liability may not be imposed against individual employees for violations of Title VII. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir.1997) ("Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII."). Plaintiff's Title VII individual capacity claims against Defendants Caruso, Wolfenbarger, and Haas should be dismissed.

It is also an established rule in this circuit that a suit against a state official in his or her official capacity is tantamount to a suit against the state agency, and hence the state. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir.2008) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiff has sued Defendant MDOC for violation of Title VII. Consequently, his

claims against Defendants Caruso, Wolfenbarger, and Haas in their official capacities are duplicative of his claim against the MDOC. The Court recommends that Plaintiff's official capacity Title VII claims against Defendants Caruso, Wolfenbarger, and Haas be dismissed as redundant. *See Ebelt v. Cnty. of Ogemaw*, 231 F.Supp.2d 563, 568 (E.D. Mich. Sept. 30, 2002) (dismissing official capacity claims as redundant); *Powell v. Inkster Hous. and Redevelopment Comm'n*, No. 08-13952, 2009 WL 1803202, at *2 (E.D. Mich. June 18, 2009).

Defendants argue that Plaintiff failed to show that he properly exhausted his administrative remedies precluding his Title VII action, and raised claims that arose years earlier in violation of Title VII's statute of limitations. (Docket no. 13). Title VII provides that it shall be an unlawful employment practice for an employer to discriminate in the terms or conditions of employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). To exhaust administrative remedies Title VII requires that a plaintiff file an EEOC charge within 180 days of the alleged unlawful employment practice or within 300 days of the alleged discriminatory practice if the plaintiff first notifies a state agency of his charge. *Berger v. Medina Cnty. Ohio Bd. of Cnty. Commm'rs*, 295 Fed.Appx. 42, 44 (6th Cir.2008) (citing 42 U.S.C. § 2000e-5(e)(1)); *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir.1999). A plaintiff has 90 days after he receives a right-to-sue letter from the EEOC in which to file a civil action. *Williams v. Northwest Airlines, Inc.*, 53 Fed.Appx. 350, 352 (6th Cir.2002) (citing 42 U.S.C. § 2000e-5(f)(1)).

Plaintiff attached to his amended complaint a copy of a May 19, 2010 EEOC right-to-sue letter, demonstrating that he filed the instant lawsuit within 90 days of receipt of the letter. Plaintiff contends that the right-to-sue letter corresponds to a charge of discrimination he filed on the basis of race, national origin, and retaliation. (Docket no. 14, ex. 1 and p. 8, ¶ 3 ll). He also argues that

there is a question of fact as to whether his claims constitute a continuing violation. (Docket no. 15). Defendants did not respond to the continuing violation argument and have not provided any evidence to show that Plaintiff's EEOC charge failed to exhaust Plaintiff's claims of race, national origin, and retaliatory discrimination. Defendants have not carried their burden of showing that Plaintiff's Title VII claims against Defendant MDOC should be dismissed.

The Court recommends that Plaintiff's Title VII claims against Defendants Caruso, Wolfenbarger, and Haas in their individual and official capacities be dismissed. Defendants' Motion to Dismiss or for Summary Judgment should be denied as to the Title VII claims against Defendant MDOC.

**2.     Counts II and III - 42 U.S.C. §§ 1981 and 1983**

   **a.     Claims against Defendant MDOC and Defendants Caruso, Wolfenbarger, and Haas in their official capacities**

Plaintiff alleges that Defendants interfered with his right to make and enforce his employment contract at the Macomb Correctional Facility in violation of 42 U.S.C. § 1981. (Docket no. 14, ¶¶ 71-75). Plaintiff's claim under 42 U.S.C. § 1983 implicates the procedural and substantive due process and the equal protection guarantees of the Fourteenth Amendment. (Docket no. 14, ¶ 20, 21, 23, 65, 68).

The Eleventh Amendment bars civil rights actions for money damages under §§ 1981 and 1983 against a state, its departments, and its employees sued in their official capacities. *Freeman v. Mich. Dep't of State*, 808 F.2d 1174, 1178-79 (6th Cir.1987); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.2004)(citation omitted). The MDOC is an arm of the state entitled to Eleventh Amendment immunity. *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Plaintiff's amended complaint does not request prospective injunctive relief.

*See Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir.1992). Accordingly, Defendant MDOC and Defendants Caruso, Wolfenbarger, and Haas in their official capacities are entitled to Eleventh Amendment immunity as to Plaintiff's §§ 1981 and 1983 claims.

### b. 42 U.S.C. § 1981 Claims against Defendants Caruso, Wolfenbarger, and Haas in their individual capacities

Count III of the amended complaint alleges that Plaintiff attained permanent employment status as a Business Manager in the Executive Service Group IV of the MDOC, and that Defendants' harassment on the basis of race and national origin prevented him from making and enforcing his employment contract on the same basis as white citizens in violation of 42 U.S.C. § 1981. (Docket no. 14, ¶¶ 71-75). The parties each contend that Plaintiff was a classified state employee. (Docket no. 13 at 4; Docket no. 15 at 1).

Individual liability under § 1981 is permissible regardless of whether the agency may be held liable as long as the individual intentionally caused an infringement of the rights secured by § 1981. *Kolb v. State of Ohio, Dep't of Mental Retardation and Dev. Disabilities*, 721 F.Supp. 885, 891-92 (N.D. Ohio 1989). "Any claim brought under § 1981 ... must initially identify an impaired 'contractual relationship,' ... under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

Defendants rely upon *Matulewicz v. Governor of Michigan*, 435 N.W.2d 785 (Mich. Ct. App. Jan. 17, 1989), for the proposition that civil servants do not have contracts of employment either express or implied. *Id.* at 790. However, following *Matulewicz* the Michigan Court of Appeals opined that a public employee may claim an implied contract of employment provided it does not violate the controlling body's statutory authority. *See Thorin v. Bloomfield Hills Bd. of Educ.*, 513 N.W.2d 230, 235 (Mich. Ct. App. 1994); *Samuel v. City of Sturgis*, No. 94-1042, 1995 WL 396206,

7

at *3 (6th Cir. July 5, 1995); *Dean v. City of Bay City*, 239 Fed.Appx. 107, 112-13 (6th Cir.2007).

While inartfully drafted, the amended complaint alleges that Plaintiff acquired a property interest or expectation of continued employment after he completed his probationary period. It also states multiple allegations involving Defendants' on-the-job harassment and discrimination against Plaintiff. The parties have not produced any evidence relative to Plaintiff's job or employment classification from which the Court can determine whether Plaintiff was a classified state employee or whether he had any protected interest or reasonable expectation of continued employment. Defendants have not established that Plaintiff's claim under 42 U.S.C. § 1981 should be dismissed or that they are entitled to qualified immunity on the claim. The Court concludes that this claim should be further developed through discovery as it applies to Defendants Wolfenbarger and Haas in their individual capacities. Because Plaintiff has not alleged sufficient facts to show that Defendant Caruso was personally involved in any wrongdoing, his § 1981 claim against Defendant Caruso should be dismissed.

      **c.**      **42 U.S.C. § 1983 claims against Defendants Caruso, Wolfenbarger, and Haas in their individual capacities**

As previously noted, Count II of the amended complaint asserts a claim under 42 U.S.C. § 1983 and implicates the Fourteenth Amendment's guarantee of equal protection. (Docket no. 14, ¶ 65). The amended complaint also alleges that Plaintiff's constructive discharge from employment with the MDOC constituted the taking of property in violation of his procedural and substantive due process rights under the Fourteenth Amendment. (Docket no. 14, ¶¶ 20, 21, 23, 68).

A plaintiff adequately pleads a procedural due process claim if he alleges that (1) he has a life, liberty, or property interest protected by the Constitution; (2) he was deprived of that interest by a state actor; and (3) he was not afforded timely and adequate legal process. *Waeschle v.*

8

*Dragovic,* 576 F.3d 539, 544 (6th Cir.2009) (citation omitted). State civil servants may have a property interest in continued employment under certain circumstances that can only be taken away in accordance with due process. *Dean v. City of Bay City,* No. 04-10120, 2005 WL 3579177, at *13 (E.D. Mich. Dec. 30, 2005) (citations omitted), *aff'd*, 239 Fed.Appx. 107 (6th Cir.2007). *See also State Emp. Ass'n v. Dep't of Mental Health*, 365 N.W.2d 93, 160-61 (Mich. 1984) (citations omitted) ("The guarantee of job tenure absent just cause for dismissal under the Michigan civil service system creates a property right for public employees which the state may only take away in accordance with due process."). Public employees with a property interest in continued employment generally must have a pre-termination and post-termination hearing. *Pucci v. Nineteenth Dist. Ct.,* 628 F.3d 752, 766–67 (6th Cir.2010) ("For a public employee with a property interest in continued employment, due process includes a pre-termination opportunity to respond, coupled with post-termination administrative procedures." (citations and internal quotation marks omitted)).

Plaintiff states in his amended complaint that he was entitled to certain pre-termination and post-termination proceedings surrounding the loss of his job. However, Plaintiff acknowledges that he was not terminated but instead resigned albeit involuntarily from employment. The facts as alleged fail to show that Plaintiff was denied any notice or opportunity to be heard concerning the loss of his job. Accordingly, Plaintiff's procedural due process claims under § 1983 against Defendants Caruso, Wolfenbarger, and Haas in their individual capacities should be dismissed.

Next, Plaintiff claims that Defendants violated his substantive due process rights under § 1983. In order to state a substantive due process claim Plaintiff must state facts to show that Defendants interfered with a fundamental right or liberty interest that is accorded special constitutional protection. *See Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997).

9

Fundamental rights protected by the Due Process Clause include the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, and to bodily integrity. *Id*. at 720.

The Sixth Circuit recognizes two types of substantive due process violations: "(1) official acts that are unreasonable and arbitrary and may not take place no matter what procedural protections accompany them, and (2) official conduct that 'shocks the conscience." *Harris v. City of Akron*, 20 F.3d 1396, 1405 (6th Cir.1994) (citations and internal quotation marks omitted). "Actions meet this high standard if they are an 'egregious abuse of governmental power.' " *Kinross Charter Twp. v. Osborn*, No. 06-CV-245, 2007 WL 4284861, at *16 (W.D. Mich. Dec. 3, 2007) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir.1999)).

A public employee's interest in continued employment is not a fundamental interest protected by substantive due process. *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1351 (6th Cir.1992). Furthermore, Plaintiff has not alleged facts that rise to the "shocks the conscience" standard. Plaintiff's factual allegations against Defendants Caruso, Wolfenbarger, and Haas in their individual capacities do not amount to a violation of substantive due process rights.

Plaintiff's claim under 42 U.S.C. § 1983 also alleges violations of the Fourteenth Amendment's guarantee of equal protection. (Docket no. 14, ¶ 65). To state a claim under the Fourteenth Amendment's Equal Protection Clause, a § 1983 plaintiff must allege that a state official intentionally discriminated against him because of membership in a protected class. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990).

Plaintiff has failed to make factual allegations that Defendant Caruso was personally involved in or knowingly acquiesced or approved of the alleged discriminatory actions. *See Leach*

*v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989). Thus, Defendant Caruso is entitled to dismissal of Plaintiff's § 1983 equal protection claim. Viewing the allegations in the complaint favorably to Plaintiff, the Court recommends that Defendants' Motion to Dismiss or for Summary Judgment relative to Plaintiff's equal protection claim against Defendants Wolfenbarger and Haas in their individual capacities be denied and this claim be further developed through discovery. Defendants Wolfenbarger and Haas' request for qualified immunity should be denied.

**3.     State Law Claims**

    **a.     Defendant Caruso**

As previously noted, the factual allegations in Plaintiff's amended complaint fail to allege that Defendant Caruso engaged in any wrongdoing. Therefore, Plaintiff has not stated plausible claims for relief against Defendant Caruso under state law. Furthermore, Defendant Caruso as a "highest executive official" is absolutely immune from state tort liability in this case. *Basso v. State of Mich. Dep't of Corr.*, No. 08-CV-75, 2009 WL 929028, at *7 (W.D. Mich. April 3, 2009). Plaintiff's state law claims against Defendant Caruso should be dismissed.

    **b.     Defendants MDOC, Wolfenbarger, and Haas**

        **1.     Counts IV, V, and VI - Elliott-Larsen Civil Rights Act**

" '[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.' " *Cantu v. Mich. Dep't of Corr.*, No. 07-CV-10339, 2007 WL 2413103, at *5 (E.D. Mich. Aug. 21, 2007) (citing *Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89, 121 (1984)). Therefore, this Court lacks jurisdiction to hear Plaintiff's ELCRA claims against Defendant MDOC and Defendants Caruso, Wolfenbarger, and Haas in their official capacities. *See Diaz v. Mich. Dep't of Corr.*, No. 09-CV-

11

1109, 2010 WL 5353583, at *6 (W.D. Mich. Dec. 21, 2010); *Cantu v. Mich. Dep't of Corr.*, No. 07-CV-10339, 2007 WL 2413103, at *5 (E.D. Mich. Aug. 21, 2007).

Individual liability may be imposed against an employer's agent under the ELCRA. *Elezovic v. Ford Motor Co.*, 697 N.W.2d 851 (Mich. 2005). The amended complaint does not indicate that Defendants Wolfenbarger and Haas had supervisory authority over Plaintiff to be considered agents of the employer. However, drawing all reasonable inferences in favor of Plaintiff, it is possible that the warden and deputy warden were agents of the MDOC and that Plaintiff is entitled to recover under the ELCRA. At this stage, the Court recommends that Defendants' Motion to Dismiss or for Summary Judgment as to Plaintiff' 's ELCRA claims against Defendants Wolfenbarger and Haas in their individual capacities be denied.

    **2.**    **Count VII - The Fair and Just Treatment Clause of Article 1, § 17 of the Michigan Constitution**

Article 1, § 17 of Michigan's Constitution provides in relevant part that "[t]he right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed." "[A] plaintiff may claim a violation of this provision if he ... is an individual ... treated unfairly or unjustly during a legislative or executive hearing or investigation." *Jo-Dan, Ltd. v. Detroit Bd. of Educ.*, No. 201406, 2000 WL 33416896, at *8 (Mich. Ct. App. July 14, 2000).

Count VII of Plaintiff's amended complaint alleges that Plaintiff was forced by Defendants Wolfenbarger and Haas to endure "incessant unfair and unjust investigations" from 2000 to 2009 during which he was denied access to counsel, not informed of the charges against him, forced to defend against charges that had been dismissed, and forced to defend against charges that were amended during the investigation. (Docket no. 14, ¶ 117-118). Defendants have not claimed or

provided any authority to show that individual liability may not be imposed under Article 1, § 17. The Court recommends that Defendant's Motion to Dismiss or for Summary Judgment be denied as to Plaintiff's claim against Defendants Wolfenbarger and Haas in their individual capacities, and the parties should be permitted to proceed to discovery to further develop their arguments. Defendants' motion relative to Plaintiff's claim against Defendant MDOC and Defendants Wolfenbarger and Haas in their official capacities for violation of Article 1, § 17 should be dismissed pursuant to the Eleventh Amendment.

### 3. Count VIII - Intentional Infliction of Emotional Distress

To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must allege and show: "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Andrews v. Prudential Sec., Inc.*, 160 F.3d 304, 309 (6th Cir.1998). The outrageous conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citations and internal quotation marks omitted).

Plaintiff has not alleged facts to show that Defendants' conduct was sufficiently outrageous to sustain a claim of intentional infliction of emotional distress. Accordingly, Count VIII of Plaintiff's complaint should be dismissed as to all Defendants.

### D. Conclusion

Based on the above, the Court recommends that Plaintiff's complaint proceed on the following claims:

(1) Plaintiff's claim against Defendant MDOC under Title VII (Counts I, IV, and VI pertaining to Defendant MDOC);

(2) Plaintiff's claim against Defendants Wolfenbarger and Haas in their individual capacities under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment's Equal Protection Clause (Count II );

(3) Plaintiff's claim against Defendants Wolfenbarger and Haas in their individual capacities under 42 U.S.C. § 1981 (Count III);

(4) Plaintiff's claim against Defendants Wolfenbarger and Haas in their individual capacities under the Michigan ELCRA (Counts IV, V, and VI); and

(5) Plaintiff's claim against Defendants Wolfenbarger and Haas in their individual capacity under the Fair and Just Treatment Clause of Art. 1, § 17 of the Michigan Constitution (Count VII).

All other claims against Defendants MDOC, Wolfenbarger, and Haas, and all claims against Defendant Caruso should be dismissed.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: July 15, 2011            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: July 15, 2011            s/ Lisa C. Bartlett
                                Case Manager