UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT MENSAH,

                Plaintiff,                CASE NUMBER: 10-13233
                                    District Judge Victoria. A. Roberts
v.                               Magistrate Judge Mona K. Majzoub

PATRICIA L. CARUSO, et al,

                Defendants.

_____/

## ORDER

### I.    INTRODUCTION

This matter is before the Court on Defendants' Motion and Amended Brief for Rehearing or Reconsideration, or, Alternatively, for Amended or Additional Findings (Doc. 25). On September 12, 2011, the Court issued an Order adopting in part the Report and Recommendation (R&R) of Magistrate Judge Mona K. Majzoub (Doc. 21). The Court dismissed all claims the Magistrate recommended for dismissal, as well as Plaintiff's claims based on violation of the Michigan Constitution. All other claims will proceed to trial. Defendants ask the Court to reconsider its decision to allow the § 1981 claims against defendants Wolfenberger and Haas in their individual capacities to proceed to trial.

Defendants' motion is **DENIED**.

### II.    LAW AND ANALYSIS

Courts generally will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

E.D. Mich. L.R. 7.1(g)(3), *Wesco Distrib., Inc. v. Hartford Fire Ins. Co.*, No. 09-13014, 2010 WL 4822897, at *1 (E.D. Mich. 2010) ("A motion for reconsideration [] 'is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not.'"). "The Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D. Mich 2003) (*citing* E.D. Mich. L.R. 7.1(g)(3)). A palpable defect is an error "which is obvious, clear, unmistakable, manifest, or plain."

Defendants object to the Court's conclusion that Michigan law may recognize an implied contract in a public employment context. This implied contract forms the basis of Plaintiff's § 1981 claim that defendants Wolfenbarger and Hass interfered with Plaintiff's contractual rights. In their Motion for Reconsideration, Defendants state that their "research has revealed that Congress did not intend for § 1981 to apply to state employees at all." Defendants also provide the Court with Michigan Civil Service Rules, arguing that these rules belie Plaintiff's claim of a contractual employment right.

Defendants' motion presents the same issues already ruled upon by the Court. Defendants now argue that the Supreme Court case *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 731 (1989), precludes the use of § 1981 in damages actions against state officials. The Court, however, has already ruled upon Defendants § 1981 arguments. Defendants did not cite *Jett* in their Motion for Summary Judgment or in their objections to the R&R. A motion for reconsideration is not the proper vehicle to present recently discovered relevant case law that could have been presented to the Court earlier.

2

*Wesco Distrib.,* 2010 WL4822897 at *1.

Defendants also attach the Michigan Civil Service Rules in support of their argument that Plaintiff, as a civil service employee, had no contractual employment right.  Again, the Court has already ruled upon this issue.  *See* pp. 7-9 of the Court's September 12, 2011, Order.  It is unclear why Defendants did not make this argument or attach this document in either their Motion for Summary Judgment or their Objections to the R&R.  In addition, Defendants fail to show how the Michigan Civil Service Rules demonstrate a palpable defect in the Court's prior ruling.

## III.    CONCLUSION

Defendants motion is **DENIED**.

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 6, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 6, 2011.

S/Linda Vertriest
Deputy Clerk

3